FANNIE GLUCK, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF EMIL GLUCK, DECEASED, APPELLANT, v. CASTLES ICE CREAM COMPANY, RESPONDENT.

Submitted October 28, 1927—Decided February 6, 1928.

For the appellant, *Levitan & Levitan*.

For the respondent, *Kellogg & Chance*.

The opinion of the court was delivered by

LLOYD, J. This appeal seeks the reversal of a judgment of the Supreme Court entered on the verdict of a jury in favor of the defendant below because of alleged trial errors.

The plaintiff sought to recover damages for the death of Emil Gluck, and as originaly instituted the action was against Castles Ice Cream Company and Trubin Brothers, a corporation, which latter company was made defendant because it

was alleged that Emil Gluck was a passenger in its delivery truck and that the death was due to the negligence of either its driver or the driver of the Castles Ice Cream Company.

At the trial it appeared that there had been a discontinuance of the action as to the Trubin Brothers, and the case proceeded against the ice cream company alone.

The first point raised is that the trial court committed error in overruling a question asked on re-examination of the plaintiff's witness Dwight (driver of the car in which Gluck was riding), as follows: "You say you made another statement to some company, someone representing the Castles Ice Cream Company?" The question was properly overruled. There was no justification for the assumption of fact it contained, and, standing alone, the question was immaterial to the issue being tried.

Appellant's counsel also on re-examination sought to question the same witness respecting a written statement the witness was supposed to have made and to procure the admission of the statement in evidence. Both question and offer were properly overruled. Our examination of the cross-examination reveals nothing that would justify either, and it is not permitted that a party may support his own witness by his previous statements or writings.

The question directed to the defendant's witness Mathiason tending to discredit the testimony of Dwight was entirely proper, Dwight having had the statement called to his attention on cross-examination. Besides, no ground was stated in support of the objection to the question, and the court was not obliged to entertain it. *Mooney* v. *Peck,* 49 *N. J. L.* 232; *State* v. *Sheehy,* 81 *Id.* 654.

The only other point necessary to consider is the refusal of the court to submit to the jury the question of whether Dwight was the servant of the deceased or of Trubin Brothers. Our examination of the evidence leads us to the conclusion that the proofs clearly establish that Dwight, the driver, at the time of the accident was the servant of the deceased. While the truck belonged to Trubin Brothers, the proofs showed that Gluck had borrowed it for his own purposes, and that Dwight was employed by Gluck, controlled

by him, and to be paid by him. This was the testimony of Dwight, and his evidence was corroborated by that of Trubin, with whom the arrangement for the truck had been made, and the only other living witness having knowledge of the facts. The presumptions arising from ownership were, therefore, completely rebutted by the positive and uncontradicted proofs in the case. *Okin* v. *Essex Sales Co.*, 103 *N. J. L.* 217; *affirmed, ante, p.* 181.

The judgment is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.