MAGDA SCHNOOR, PLAINTIFF-RESPONDENT, v. PALI-
SADES REALTY AND AMUSEMENT COMPANY, A NEW
JERSEY CORPORATION, DEFENDANT-APPELLANT.

Submitted February 16, 1934—Decided April 12, 1934.

For the defendant-appellant, *Maurice J. McKeown.*

For the plaintiff-respondent, *Leopold Frankel.*

The opinion of the court was delivered by

BODINE, J. The plaintiff had a judgment at the Essex
Circuit. She suffered serious personal injuries while riding
in an amusement device known as a "Virginia Reel," situate
in the defendant's amusement park to which she had paid ad-
mission. The device broadly consists of a carriage in which
passengers sit. Raised to a height, the force of gravity
causes the car to descend and ascend over a curving track
making turns as it goes. While coming down on a reverse

curve the car jerked, throwing the plaintiff out of her seat, although she was holding on to the handholds provided. Her back was injured by contact with a metal pipe lining the inner rim of the seats where she had been placed. The plaintiff, a practical nurse, had a congenital dislocation of the hip causing a slight limp, but previously it had in no way interfered with her ability to walk or run.

The proofs indicate that the operator of the car may not have exercised due care in watching the car, in order to determine when to apply the brakes, and further that the device may have been improperly constructed and improperly loaded.

Jacob London, an expert called by the plaintiff, was properly qualified to give opinion evidence in this case. He appears to have been an engineer by training and practice, and also designer of an amusement device known as the "Sky Ride," recently operated at the Chicago World's Fair. He made a complete examination of the "Virginia Reel" in question, and had studied not only its construction but also its operation. He had made a diagram approximately to scale and also a model to illustrate his testimony. The competency of such a witness rests in the sound discretion of the trial court. *Electric Park Co.* v. *Psichos,* 83 *N. J. L.* 262. The trial court's decision will not be disturbed lightly (*Riley* v. *Camden and Trenton Railway Co.,* 70 *Id.* 289), and never will it be disturbed if there be legal evidence to support it. *Holden* v. *Rolff,* 110 *Id.* 499; *Ross* v. *Commissioners of Palisades Interstate Park,* 90 *Id.* 461.

"The test by which the trial court is to determine the competency of a witness offered as an expert, to give expert testimony, has been laid down in several recent cases in this court. The rule enunciated in *Elvins* v. *Delaware and Atlantic Telephone Co.,* 63 *Id.* 243, 247, cited at the trial, that the witness must have some special knowledge of the subject, has been reiterated in *Pennsylvania, &c., Railroad Co.* v. *Schwarz,* 75 *Id.* 801 (damage to real estate by a tunnel two hundred feet below the surface); *VanNess* v. *Telephone Co.,* 78 *Id.* 511 (shade trees), and *Crosby* v. *East Orange,*

84 *Id.* 708 (drying up of a well)." *Burrough* v. *New Jersey Gas Co.,* 88 *Id.* 643, 644.

The witness, although he had never designed a "Virginia Reel," clearly displayed special knowledge of the subject-matter concerning which his opinion was asked. He had special knowledge by reason of his training and special study of the construction and operation of the device in question. *Castner* v. *Sliker,* 33 *Id.* 507; *Risley* v. *Ocean City Development Co.,* 75 *Id.* 840. The model used by the witness to illustrate his testimony merely aided the court and jury in understanding how the injury occurred and how it might have been prevented.

We can find no abuse of discretion in the allowance of the use of the model. 22 *Corp. Jur.* 768. The photographs introduced demonstrate that it was not exact but helpful as an illustration of the way in which the device operated.

A mere objection to evidence specifying no ground will not sustain an exception. *Mooney* v. *Peck,* 49 *N. J. L.* 232; *Gluck* v. *Castles Ice Cream Co.,* 104 *Id.* 397. We, therefore, cannot consider the appellant's third point, even if it possessed merit, which we do not think it does.

"A hypothetical question is without fault legally if by it the opinion of an expert is asked, and the question is predicated upon facts, in accordance with the theory of the plaintiff in the case and which the evidence tended to prove. This rule has long had the approval of this court. *Birtwistle* v. *Public Service Railway Co.,* 94 *N. J. L.* 407; *Daggett* v. *North Jersey Street Railway Co.,* 75 *Id.* 630; *Thomp. Tr.* §§ 607, 610." *Molnar* v. *Hildebrecht Ice Cream Co.,* 110 *Id.* 246, 255.

Hypothetical questions answered seem to have conformed to the rule above stated, or were not appropriately challenged. The question argued as faulty under Point IV was not answered. Counsel then reframed the question and no further objection thereto appears. We cannot consider the ruling complained of as error. Since the question objected to was not answered the ruling was harmless.

Motions for a nonsuit and a directed verdict were prop-

erly refused. The defendant, the operator of an amusement park, gave concessions or privileges to various persons. Some amusements it conducted itself. Admission was charged to the park and some of the concessions also made a charge. The proofs indicate that the "Virginia Reel" device was operated for a charge collected by one of the defendant's agents, who, on defendant's order, retained thirty-five per cent. of the receipts. Obviously, the defendant's business success depended upon the operation of the whole part, as well as its component parts. Although there was some proof that the operator of the "Virginia Reel" was an independent contractor, there was also proof that the defendant participated in the construction, maintenance and operation of the "Reel," and that the plaintiff was injured by reason of either faulty construction, maintenance or operation thereof. Certainly, upon all the proofs adduced, the issues were properly for the jury and they were properly instructed in a clear and well balanced charge.

The admission in evidence of the answers to the plaintiff's interrogatories denying ownership and liability, in view of the other proofs in the case, was not conclusive against the plaintiff but made the question of the weight of evidence one for the jury.

That somewhat similar devices were used in other amusement parks was perhaps evidential. *Gardner* v. *Mitchell,* 107 *N. J. L.* 311. But in view of the testimony in this case, it was not dispositive of the issues raised. The proofs here indicate either an improper loading or a negligent operation, or construction. The device was not purchased from a reputable maker, but was developed over a long period of years. Changes were made as experiments pointed a way.

The evidence, however, made the question of independent contractor one for the jury and not one for the court. *Reisman* v. *Public Service Corp.,* 82 *N. J. L.* 464. So, also, the question of assumption of risk was properly let to the jury under the proofs.

The fact that others had not complained of the manner of operation on other days and other times seems irrelevant

to us. Testimony of other similar occurrences would not have been admissible to show faulty construction or operation. *Temperance Hall Assn.* v. *Giles,* 33 *N. J. L.* 260; *Crouse* v. *Stacy-Trent Hotel,* 110 *Id.* 124. Although it would have been admissible to show that a state of disrepair existed for a sufficient length of time to charge those responsible to discover and rectify the same. We do not understand that because the device was said to have been operated on other occasions without accident that it may not have been faultily built and carelessly operated, when the plaintiff was injured.

The defendant's first request was properly declined. The substance of the request was submitted to the jury in a manner embodying the principles of law laid down in the case of *Sebeck* v. *Plattdeutsche, &c.,* 64 *N. J. L.* 624. The court, however, properly did not restrict them in finding facts upon the proofs adduced.

The defendant's sixth request was properly declined. The request is based upon the case of *Gardner* v. *Mitchell, supra.* The proofs adduced in that case and in this differ so widely that the principles there laid down were inapplicable to the issue necessarily submitted to the jury.

The court quite properly declined a charge which would be misleading under the proofs adduced, and the issues framed.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 16.

*For reversal*—None.