EMILY SCHWEERS AND JOHN D. SCHWEERS, PLAINTIFFS-APPELLEES, v. ELIZABETH-UNION-HILLSIDE-IRVINGTON LINE, INCORPORATED, A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted January term, 1935—Decided April 9, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the plaintiffs-appellees, *Francis A. Gordon.*

For the defendant-appellant, *Charles A. Rooney.*

PER CURIAM.

This is the defendant's appeal from a judgment entered in favor of the plaintiffs upon a jury verdict. The said plaintiffs, husband and wife, were awarded damages, the wife for personal injuries and consequent pain and suffering, and her husband, for loss of services and damage to his automobile.

Two questions are presented on this appeal, the first, that the court was in error in overruling a question addressed to a medical witness in hypothetical form. The question was predicated on the assumption that Mrs. Schweers, the plaintiff, had been nervous before the accident in question. Now the testimony thereon plainly was that the woman was not nervous prior to the accident and the medical witness himself said that he did not get any history from her of previous nervousness nor did he inquire about it. Therefore the hypothetical question, containing as it did the hypothesis that a nervous condition had existed prior to the accident which,

from the evidence, was not the case, was properly overruled. *Schnoor* v. *Palisades Realty Co.,* 112 *N. J. L.* 506; 172 *Atl. Rep.* 43.

The second ground for reversal urged is that the trial court refused to charge the first and second requests submitted by the defendant. The first request was written down as follows: "If you find that the plaintiff Emily Schweers did not sustain any actual physical injury, and that she was merely frightened, you cannot award damages to the plaintiff for such fright or for whatever the plaintiff may claim to be the results of such fright."

The court's refusal to charge in this language was free from error. We have found no evidence in the case and the appellant points to none in its brief that the plaintiff in fact suffered no physical injury. The proof is all to the contrary.

At the time of the happening Mrs. Schweers was seated in her husband's automobile coupe which was parked on West Grand street, in the city of Elizabeth. The bus of the defendant came from behind and struck the car on the left-hand side with force enough to smash the left-hand side door and bend the chassis, and the woman, as the jury was entitled to find under the evidence, was rendered unconscious for a short time. Her doctor testified that on examining her after the happening he found contusions on the shoulder and scalp and that she had been severely shaken up. Under this state of the evidence the first request to charge, as submitted, was improper and therefore rightly rejected.

The defendant's second request to charge is as follows: "In order for the plaintiff Emily Schweers to recover for injuries she claims to have sustained, she must prove not only that the accident could have caused the condition or conditions of which she now complains, but must eliminate all other causes."

The court declined to charge in that exact language but did say, in repetition of what he had previously said to the jury, "the burden is absolutely upon the plaintiff claiming injuries to prove by a fair preponderance of the evidence that those injuries proximately resulted from the injuries she received in the accident for which she claims the defendant's

servant is to blame. If she is suffering now from things that could have been caused by her condition prior to the accident, then they cannot be attributed by a jury to the accident itself. The jury must believe that in all reasonable probability the injuries proximately resulted from the injuries she sustained at the time and not from other causes."

The court's charge was clear and comprehensive and outlined definitely to the jury the manner in which it should admeasure damages for the condition or aggravated condition of the plaintiff's physical well-being. The language used, in our judgment, was better calculated to safeguard the defendant's interest than the language of the request to charge because it was less technical. The court is under no duty to accept the exact words of a request to charge as prepared by counsel so long as the point in question has had adequate exposition as in this case we think the several matters had.

The judgment is affirmed, with costs.