MAE KINGSLEY AND GLENVILLE KINGSLEY, PLAINTIFFS-RESPONDENTS, v. HOWARD A. WELCHER, DEFENDANT-APPELLANT.

Argued May 6, 1936—Decided June 23, 1936.

Before Brogan, Chief Justice, and Justices Case and Perskie.

For the plaintiffs-respondents, *Samuel E. Kresch.*

For the defendant-appellant, *McCarter & English, Joseph C. Paul* and *Gerald McLaughlin.*

Per Curiam.

This is an appeal by the defendant, a physician and surgeon, from a judgment entered against him in the Hudson County Court of Common Pleas in an action brought by Mae Kingsley and Glenville Kingsley, her husband, for damages resulting from an operation alleged to have been negligently performed by the defendant upon Mrs. Kingsley.

The first point presented by the appellant is that the trial court erred in refusing to direct a verdict in his favor. The argument presented thereunder is to the effect that the affirmative credible testimony was of such a conclusive character that the court should have determined as a matter of law that the defendant did not perform the operation and that therefore the jury should be instructed to find for him. Inasmuch as the case comes up on appeal the question of the weight of the testimony is not before us. It was open to the jury to find from the evidence that the plaintiffs contracted with the defendant for the performance by him of an operation for the removal of tonsils and adenoids from Mrs. Kingsley's throat; that Mrs. Kingsley, at the defendant's direction, went to the Hasbrouck Heights Hospital for the operation; that Mrs. Kingsley was given preliminary attention by a nurse, put to bed and was shortly visited by the defendant who stated that he would be ready in a short while; that within a few minutes Mrs. Kingsley was taken to the operating room, was there placed under a general anesthetic, and was operated upon; that she was subsequently visited and given post-operative medical and surgical attention by the defendant; that she was informed by the defendant that he had "had a tough time with the operation" and that the

operation had taken him nearly two hours to perform; and that the defendant was paid by the plaintiffs for the performance of the operation. The testimony of the defendant and of others in his behalf is that he had concluded that the operation had best be performed by another surgeon and that another had in fact performed the operation; but the question was one that, in our opinion, was controverted and was properly submitted by the court to the jury for the latter's determination.

It is next and finally said that the trial court erred in permitting a hypothetical question to be asked of Dr. Magennis and in permitting another hypothetical question to be asked of Dr. Biddle, both of these men having been sworn as witnesses for the plaintiffs. The question propounded to Dr. Magennis was not answered in the form in which it was put. The testimony given by the witness was that the result shown by the present condition of Mrs. Kingsley's throat is imperfect and that that condition may be due to improper action by the surgeon or to the condition of the patient—the witness was unable to say which. It is not denied by the defendant that the operation was negligently performed or that the throat does disclose the condition which Dr. Magennis attributed to it. The competency of Dr. Magennis to testify to the extent that he did and the relevancy of the testimony so given can hardly be questioned. We conclude that there was no reversible error in the court's ruling.

. The transcript of the testimony shows that the question asked of Dr. Biddle was answered before objection was made thereto. But the objection, even if made in season, did not justify the bringing up of the ruling on appeal by exception for the reason that no grounds or reason for the objection were stated. *Gluck* v. *Castles Ice Cream Co.*, 104 *N. J. L.* 397; 140 *Atl. Rep.* 419; *Schnoor* v. *Palisades Realty, &c., Co.*, 112 *N. J. L.* 506, 508; 172 *Atl. Rep.* 43.

Judgment affirmed.